UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
REGINALD KELLEY,

                Petitioner,                        16-cv-5493 (PKC)
                                                                        13-cr-990 (PKC)

                -against-                         MEMORANDUM
                                                                     AND ORDER

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Petitioner Reginald Kelley, who is proceeding on his own behalf pro se, moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On March 6, 2015, the defendant pled guilty pursuant to a plea agreement to one count of theft of government funds, in violation of 18 U.S.C. § 641, and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On July 23, 2015, the defendant was sentenced to 108 months' imprisonment and three years of supervised release. As stipulated by the parties in the defendant's plea agreement, the defendant's applicable Guidelines range was 140 to 175 months' imprisonment. Kelley did not appeal.

        Though not entirely clear from the section 2255 petition, Kelley appears to allege ineffective assistance of counsel in violation of his Sixth Amendment rights, and that his guilty plea was either unlawfully induced or not voluntary.

                                                                  Mailed to Mr. Kelley 6/5/2017

DISCUSSION.

    I.       Petitioner's Claims related to the Voluntariness of his Plea are both Procedurally Barred and Meritless.

Generally, claims not raised on direct appeal may not be raised in a section 2255 petition. Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). For a claim related to the voluntariness of a guilty plea that "has not been presented on direct review, the procedural default bar may be overcome only where the petitioner establishes either (1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'" Id. (quoting Bousley v. United States, 523 U.S. 614, 622 (1998); see also United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995) ("A party who fails to raise an issue on direct appeal and subsequently endeavors to litigate the issue via a § 2255 petition must 'show that there was cause for failing to raise the issue, and prejudice resulting therefrom.'") (quoting Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)). "To satisfy the cause requirement, the petitioner must show circumstances external to the petitioner, something that cannot be fairly attributed to him." Zhang, 506 F.3d at 166 (internal quotation marks omitted).

Nothing in Kelley's petition could reasonably be construed as a claim of actual innocence. Neither does he make the requisite showing of cause for failure to file a direct appeal: his unelaborated allegation that "I didn't understand exactly what was going on," (Pet. at 3), is insufficient. See Garcia-Santos v. U.S., 273 F.3d 506, 508 (2d Cir. 2001) ("waiver of appeal provision in a plea agreement did not constitute 'cause' for failing to take a direct appeal"). Further, the transcripts of plaintiffs' guilty plea hearings and sentencing demonstrate that Kelley was informed of his limited right to appeal, and stated that he understood this right. (13 Cr. 990, Transcript of February 4, 2015 Hearing, Dkt. 73 at 15-16; 13 Cr. 990, Transcript of

March 6, 2015 Hearing, Dkt. 81 at 12-13; 13 Cr. 990, Transcript of July 23, 2015 Sentencing, Dkt. 101 at 25.)

These transcripts also indicate that Kelly's guilty plea was knowing and voluntary. Kelley's claim regarding the voluntariness of his plea is thus both procedurally barred and meritless.

However, petitioner's claims regarding ineffective assistance of counsel are not procedurally barred by his failure to make a direct appeal, as "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 509 (2003).

II. Petitioner's Ineffective Assistance of Counsel claims are Meritless.

Strickland v. Washington, 466 U.S. 668 (1984) requires a two-part showing to establish ineffective assistance of counsel. First, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To be considered ineffective, the attorney's performance must fall below "an objective standard of reasonableness" under "prevailing professional norms." Id. at 687-88. "Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688.

Moreover, "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy . . . ." Massaro, 538 U.S. at 501.

On question 12 of the section 2255 form, which asks prisoners to set forth every ground on which the they allege that they are being held in violation of the Constitution, laws, or treaties of the U.S., Kelley circled only option (a), which relates to the voluntariness of his plea; he did not circle option (i), denial of effective assistance of counsel. (Pet. at 3, 4.) However, in his written explanation, he stated: "My lawyer lead me two [sic] believe that he argued all the facts when in fact he didn't he never argued that I shouldn't have been used in the first place according two [sic] my probation stipulations." (Id. at 4.)

This unelaborated upon statement is insufficient to find that petitioner's counsel's performance fell below prevailing professional norms, or that petitioner was prejudiced. See Otero v. Eisenschmidt, No. 01 Civ. 2562 (HB), 2004 U.S. Dist. LEXIS 22439, at *109 n.61 (S.D.N.Y. Nov. 8, 2004) (quoting Parnes v. United States, No. 94 Civ. 6203 (MJL), 1995 U.S. Dist. LEXIS 18881, at *3 (S.D.N.Y. Dec. 21, 1995)) ("Vague allegations do not permit the Court to conclude that the alleged errors of Petitioner's counsel fell below 'prevailing professional norms' . . . ."). Petitioner does not explain what stipulations he is referring to, how those stipulations relate to the government's "use" of him (presumably as a confidential informant), or how those stipulations were violated by the government's actions. There is no constitutional or other deprivation of a federally protected right in using defendant as a confidential informant whether or not it raises a state law issue.

CONCLUSION.

Kelley's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk is directed to close the case captioned Kelley v. United States, 16 Civ. 5493 (PKC).

Kelley has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011). His motion was not filed in forma pauperis, and the Court therefore makes no finding pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 5, 2017